IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD D. JOLLY, Inmate #S05734  )
                                 )
              Plaintiff,         )
                                 )
vs.                              )   CIVIL NO. 09-74-GPM
                                 )
JIM HINKLE, *et al.*,            )
                                 )
              Defendants.        )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible

on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May 18, 2009).

### THE COMPLAINT

Plaintiff's brief complaint alleges that on November 18, 2006, he was arrested and taken to the Wayne County Jail. Plaintiff further alleges that at the Jail, Defendant Miller told the other detainees that Plaintiff was a white supremacist and member of the Aryan Brotherhood. Plaintiff contends that this characterization by Defendant Miller "hurt the feelings" of his family members who are African-American.

### DISCUSSION

At best, Plaintiff's complaint alleges only that Defendant Miller slandered and defamed him to the other detainees at the Wayne County Jail. Slander and liber, however, are not actionable under 42 U.S.C. § 1983 because Plaintiff's interest in his reputation is neither a liberty nor property interest protected by the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 712 (1976). Therefore, Plaintiff's claim does not survive review under § 1915A.

Even if Plaintiff's claim did survive review, his claim against Defendant Hinkle would have to be dismissed. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Plaintiff's complaint fails to allege any facts indicating that Defendant Hinkle was directly and personally involved with the alleged deprivation of Plaintiff's rights.

**DISPOSITION**

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice, and the Clerk of Court is **DIRECTED** to enter judgment accordingly. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: 06/22/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge